**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ANGEL CASTRO**                                                                      **PLAINTIFF**

**V.**                                                             **CAUSE NO. 3:20-CV-196-CWR-FKB**

**CASTLE ESTATE INTERNATIONAL**                         **DEFENDANTS**
**LLC,** *d/b/a* **Castlegate Luxury Apartments;**
**JOHN DOE(S) 1-5**

## ORDER

Angel Castro filed this civil action on March 23, 2020. He alleged that his former landlord, Castle Estate International LLC, violated the Fair Housing Act when it refused to accommodate his emotional support animal. The failure-to-accommodate resulted in Castro's eviction on the basis of "Unauthorized Pet," his complaint said.

Castro served Castle Estate on May 27. The company did not answer, so Castro applied for Clerk's Entry of Default on June 26. The Clerk entered default three days later, on June 29.

On July 24, an attorney representing Castle Estate moved to set aside the Clerk's Entry of Default and attempted to answer the complaint. Counsel wrote, "according to [his] communication with the Defendant's authorized representative, the Complaint and Summons in this matter were not received by the registered agent in this cause until approximately July 20, 2020." Docket No. 9 at 1. No evidence was provided for this assertion.

Castro opposed the motion, filed his own motion to strike the answer, and then moved for a formal default judgment. Castle Estate never replied to its own motion or responded to Castro's motions. Instead, weeks after all briefing had closed, Castle Estate's registered agent submitted an affidavit denying that service had been timely effected.

> The legal standard is well-established:
>
> Under Rule 55 of the Federal Rules of Civil Procedure, a court *may* set aside an entry of default for good cause. The good cause factors enunciated by the Fifth Circuit are: whether the default was willful; whether setting it aside would prejudice the adversary; and whether a meritorious defense is presented. These factors, however, are not exhaustive, talismanic, nor must the Court consider all of them. The ultimate inquiry remains whether the defendant shows good cause to set aside the default.
>
> A willful default is an intentional failure to respond to litigation. When a party has actual notice of a claim for which a response has been demanded and fails to answer the claim, the failure may be deemed willful. Importantly, where there is a willful or intentional failure to respond, the inquiry ends, and the Court need not make any further findings in refusing a party's request to set aside a default.

*CENTRIA v. Alply Architectural Bldg. Sys., LLC*, No. 4:11-CV-79-CWR-LRA, 2012 WL 73235, at *2 (S.D. Miss. Jan. 10, 2012) (quotation marks and citations omitted). "We have adopted a policy in favor of resolving cases on their merits and against the use of default judgments. This policy, however, is counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quotation marks and citations omitted); *see also Baez v. S. S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).

On review, the Clerk's Entry of Default will not be disturbed, and a default judgment will be issued.

We begin with the hurdles of service. The Mississippi Secretary of State's webpage presently says that Castle Estate's registered agent, "Zeng Ping Wang," can be found at 5600 Keele St., Jackson, MS 39206. Castro's March 2020 complaint says the same. Docket No. 1 at 2. Castro, however, submitted evidence from his Mississippi process server describing his unsuccessful attempt to serve the registered agent at that address on May 7. Docket No. 3. Castro was forced to hire a process server in Georgia to serve Castle Estate at an address counsel

identified in that state. This two-step never should have happened. *See Genesis Servs., Inc. v. Screens Plus, Inc.*, No. 6:16-CV-613, 2016 WL 7036791, at *2 (W.D. La. Nov. 7, 2016) (applying Texas law).

In any event, Castro's Georgia process server has submitted evidence in this matter that the Georgia address was an automobile parts wholesaler with no signage for Castle Estate. Docket No. 4. On May 26, though, the process server reached "Zeng Ping Wang" on the telephone, who instructed him to go to the same address the next day and serve the papers on "Zita." *Id.* The process server followed those instructions and served Zita successfully. *Id.*

Wang has now submitted an affidavit, signed in Georgia, denying that there was ever such a phone call. Docket No. 16. "'Zita' is a member of the maintenance crew at the building where I maintained an office," Wang says. *Id.* Wang claims to have first received the papers on July 17, and hired counsel immediately thereafter. *Id.*

Even if Wang's affidavit was credible, it was too late. As the party in default, Castle Estate had "the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) (citation omitted). Castle Estate failed to attach any evidence to its motion to set aside, however, and sandbagged Castro's attorneys by filing an affidavit after all briefing deadlines had passed. That was too late. *See, e.g.*, *In re High Standard Mfg. Co., Inc.*, No. 15-33794, 2017 WL 3701223, at *3 (Bankr. S.D. Tex. Aug. 24, 2017) ("the rules aim to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence.").

On the merits, moreover, the Court finds Wang's explanation unpersuasive. Wang was supposed to be at a fixed address in Mississippi, but no one was there to accept service—Castro's first process server was rebuffed. In a good faith attempt to serve Castle Estate in Georgia, the

second process server then called Castle Estate's phone number and received specific instruction on the person to serve the following day. Unexplained by Wang is how someone answering *Castle Estate's* phone number would know that there was a maintenance person named Zita, apparently employed by a different company than Castle Estate, who would be available at Castle Estate's own address the very next day. No, the more plausible view of the evidence is that Castle Estate directed the process server to Zita in accordance with Rule 4(e)(2)(C).

The Court concludes that Castle Estate willfully failed to answer the complaint and summons served upon its agent on May 27. Accordingly, Castro's motions are granted and Castle Estate's motion is denied. A preliminary default judgment will issue, and an evidentiary hearing will have to be held to assess Castro's damages.

**SO ORDERED**, this the 21st day of October, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE